# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JUDITH NAGLE,

    Plaintiff,

v.

COMPREHENSIVE WOMEN'S
HEALTH SERVICES, P.C.,

    Defendant.

3:15-CV-0042
(JUDGE MARIANI)

## MEMORANDUM OPINION

### I. INTRODUCTION

On January 7, 2015, Plaintiff Judith Nagle filed a Complaint against Defendant Comprehensive Women's Health Services, P.C. ("CWHS"). (Doc. 1). Plaintiff's Complaint contains three counts: Count I - Violations of the Americans with Disabilities Act ("ADA"); Count II - Violations of the Age Discrimination in Employment Act ("ADEA"); and Count III - Violation of the Pennsylvania Wage Payment Collection Law ("WPCL").

Following the completion of discovery, Defendant CWHS filed a motion for summary judgment (Doc. 21) requesting that summary judgment be granted in its favor on all three Counts. The Court subsequently referred the motion to Magistrate Judge Carlson for the preparation of a Report and Recommendation ("R&R").

On January 19, 2018, Magistrate Judge Carlson issued a Report and Recommendation (Doc. 33) recommending that this Court deny Defendant's Motion for

Summary Judgment. Defendant CWHS filed Objections (Doc. 34) to the Magistrate Judge's R&R, to which Plaintiff Nagle filed a Response (Doc. 36).

For the reasons that follow, upon *de novo* review, the Court will adopt the pending R&R and deny Defendant's motion for summary judgment.

## II. ANALYSIS

A District Court may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the Court. 28 U.S.C. § 636(b)(1)(B). If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* at § 636(b)(1)(C); *see also, Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); M.D. Pa. Local Rule 72.3.

Here, Defendant objects to the Magistrate Judge's R&R in its entirety. Defendant argues that the Magistrate Judge specifically erred in two respects: (1) by finding that Plaintiff met her burden under *McDonnell-Douglas* of demonstrating that a jury could determine that CWHS' reasons for firing Plaintiff were pretextual; and (2) by relying on a "belatedly submitted affidavit" in recommending that summary judgment should be denied on Plaintiff's WPCL claim. (*See* Doc. 34-1).

2

Defendant does not object to the R&R's finding that Plaintiff met her *prima facie* burden under *McDonnell-Douglas*. When the burden thus shifted to Defendant, CWHS' articulated legitimate, nondiscriminatory rationale for terminating Plaintiff was that she could not perform the job duties of her position. Defendant listed fourteen performance-related issues to support its rationale for Plaintiff's termination. (Doc. 28-12, Ex. 10). This Court agrees with the Magistrate Judge that because Defendant offered a legitimate, nondiscriminatory rationale for terminating Plaintiff, the burden shifted back to Plaintiff under *McDonnell-Douglas* to show that these reasons were mere pretext.

Thus, Defendant's first Objection asserts that the Magistrate Judge was incorrect in finding a material dispute of fact as to pretext where the record shows that Defendant had a list of enumerated reasons demonstrating Plaintiff's performance issues (*see* Doc. 34-1, at 4-7), and Plaintiff failed to show that *all* of the reasons provided by Defendant were pretextual (*id*. at 9). Defendant also contends that Plaintiff admitted to the veracity of certain of these performance issues (*id*. at 7-9) and argues those issues are therefore not in dispute.

However, upon review of the record, the Court agrees with Magistrate Judge Carlson that Plaintiff has proffered sufficient evidence to create a triable dispute of fact with respect to whether Defendant's articulated justifications for Plaintiff's termination are merely a pretext. Despite CWHS' assertion that Nagle "admitted that the nine issues referenced [as reasons for her termination] were her responsibility and that she failed to discharge those responsibilities" (Doc. 34-1, at 9), the record is not as clear as Defendant contends. As the

Magistrate Judge explained, "Ms. Nagle's testimony is frequently equivocal and occasionally in direct disagreement with the defendant's blanket contentions", and in response to some of the issues identified by the defendant, "Ms. Nagle provided context and a more nuanced explanation about them that undermined the defendant's assertion that the shortcomings were entirely undisputed." (Doc. 33, at 20). The R&R sets forth the numerous disagreements between CWHS and Nagle as to precisely what the performance issues were, and the extent to which they were due to Nagle's actions, and notes that Nagle "provides explanation and detail with respect to each proffered reason for her firing", and that, looking at all evidence in the light most favorable to Plaintiff, it cannot be said that she has failed to dispute each allegation. (*Id.* at 20-26). Further, Plaintiff's declaration submitted in opposition to Defendant's motion for summary judgment provides in-depth retorts to each and every one of Defendant's fourteen bullet point reasons for her termination, which, if viewed in the light most favorable to the Plaintiff, create factual disputes regarding whether Defendant's proffered legitimate nondiscriminatory reasons for Plaintiff's termination were a pretext for discrimination. Additionally, with respect to the ADA claim, in addition to the reasons set forth in the R&R, the Court notes that Plaintiff was informed that her job was being restructured or eliminated during the period of time that she was off from work due to her purported health condition and she was terminated upon her return to the office. The temporal proximity of these occurrences also calls into question Defendant's articulated rationale.

Nonetheless, even if Plaintiff failed to specifically and in-depth refute each and every articulated reason set forth by Defendant for her termination, CWHS still cannot succeed on its summary judgment motion. Although a plaintiff must cast sufficient doubt upon each of the legitimate reasons proffered, it does not mean that he or she

> must cast doubt on each proffered reason in a vacuum. If the defendant proffers a bagful of legitimate reasons, and the plaintiff manages to cast substantial doubt on a fair number of them, the plaintiff may not need to discredit the remainder. That is because the factfinder's rejection of some of the defendant's proffered reasons may impede the employer's credibility seriously enough so that a factfinder may rationally disbelieve the remaining proffered reasons, even if no evidence undermining those remaining rationales in particular is available.

*Fuentes v. Perskie*, 32 F.3d 759, 764 n.7 (3d Cir. 1994); *see also, Tomasso v. Boeing Co.*, 445 F.3d 702, 710 (3d Cir. 2006). Viewing the facts in the light most favorable to Plaintiff, Nagle has cast sufficient doubt on enough of Defendant's proffered legitimate reasons as to call into question Defendant's credibility as to its remaining justifications.

In sum, Nagle has sustained her burden under *McDonnell-Douglas* by casting sufficient doubt on Defendant's proffered legitimate reasons in such a way that a jury could reasonably conclude that all of Defendant's legitimate reasons for terminating Plaintiff's employment were fabrications, i.e. Plaintiff has presented sufficient evidence that Defendant's proffered rationale for terminating her employment could be disbelieved by a reasonable factfinder. Accordingly, Defendant's motion for summary judgment with respect to Plaintiff's ADA and ADEA claims will be denied.

Defendant also objects to the Magistrate Judge's conclusion that "there are disputed issues of fact relevant to determining whether Ms. Nagle has a reasonable expectation that she would be compensated for her accrued leave time at the time she was terminated," (Doc. 33, at 44), thus precluding the entry of judgment in favor of Defendant on Plaintiff's third and final claim alleging a violation of Pennsylvania's WPCL. In Count III, Plaintiff avers that the parties agreed that she would be compensated for all services she performed during her employment, and further, that Defendant had a policy to pay employees accrued sick and vacation time. Plaintiff asserts that she has accrued over 1000 hours of sick and benefit time for which Defendant has failed to pay. Defendant counters that her WPCL claim fails because the parties did not have an employment contract, Plaintiff was an at-will employee, and moreover, there was never a policy relating to the payment of paid time off ("PTO").

As the R&R correctly explains, Pennsylvania's WPCL does not create a statutory right to wages; rather, it provides a statutory remedy when an employer breaches a contractual right to earned wages and it is the employment contract that controls in determining whether earned wages are due. *See Harding v. Duquesne Light Co.*, 882 F. Supp. 422 (W.D. Pa. 1995); *Diodato v. Wells Fargo Ins. Services, USA, Inc.*, 44 F.Supp.3d 541 (M.D. Pa 2014) (claims for violation of WPCL are entirely contingent upon proof of a contractual obligation to pay wages and an attendant breach of that obligation); *Wurst v. Nestle Foods Corp.*, 791 F.Supp. 123 (W.D. Pa. 1991) *aff'd in part, rev'd in part* 975 F.2d

1553 (3d Cir. 1992) (WPCL creates no substantive right to wages, but is only a vehicle for separated employee to recover wages that are otherwise contractually due). "[A]bsent a formal employment contract or collective bargaining agreement, an employee raising a WPCL claim . . . [needs] to establish, at a minimum, an implied oral contract between the employee and employer." *McGuckin v. Brandywine Realty Trust*, 2016 WL 2593866 (E.D. Pa. 2016) (quoting *Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875, 954 (Pa. Super. Ct. 2011)); *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003).

In the instant case, while there does not appear to have been a written employment contract, there was, at a minimum, an oral employment agreement between the parties to compensate Plaintiff for the services she performed during her employment. The terms of that oral agreement, and specifically, whether it was agreed that she would be paid unused sick, PTO, and/or vacation, are in dispute. While Defendant avers that there was no policy relating to the compensation of employees for unused PTO upon separation of employment, Plaintiff has put forth evidence, both through her deposition and the depositions of HR manager, Boris, and Financial Manager, Schreffler, that calls into question whether Defendant did in fact have a policy or custom for paying unused sick, PTO and/or vacation time. Reviewing the facts in the light most favorable to the Plaintiff, there exists genuine disputes of material fact. Accordingly, for these reasons as well as those set forth in the R&R, Defendant's motion for summary judgment with respect to Count III will be denied.

## III. CONCLUSION

For the reasons set forth above, upon *de novo* review of the R&R (Doc. 33), the Court will adopt the R&R in its entirety and Defendant's Motion for Summary Judgment (Doc. 21) will be denied.

A separate Order follows.

Robert D. Mariani
United States District Judge